IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :     Case No. 2:20-mj-00410-JDW |
| v. | : |
| | : |
| DAWAYNE BRIGGS. | : |
| _____ | : |

MEMORANDUM

    Like many people, Dawayne Briggs is trying to see through the fog that the COVID-19 pandemic has cast over our society. He is in pretrial detention at the Federal Detention Center awaiting an indictment, but grand juries in this District are suspended through at least the end of May. Mr. Briggs acknowledges that, under ordinary circumstances, he would not qualify for pretrial release, but he argues that the COVID-19 pandemic has so scrambled the administration of the criminal justice system that the Court should order his release. The circumstances are unfortunate, but they do not require his release. The Court will therefore deny his Motion.

    Mr. Briggs was arrested on March 12, 2020. At the time of his arrest, Mr. Briggs was on supervised release as part of sentences issued in two other cases against him. On March 13, 2020, the Government sought Mr. Briggs' detention, and Mr. Briggs did not contest that request. At the time, the Speedy Trial Act required the Government to indict Mr. Briggs within 30 days. *See* 18 U.S.C. § 3161. But shortly thereafter, the coronavirus outbreak intervened and made grand jury proceedings impractical, if not impossible. So the Court issued an Order suspending grand jury proceedings. The Government then sought a continuance of the deadline to indict Mr. Briggs. Mr. Briggs opposed, and Chief Judge Sanchez granted the Government's Motion and extended the deadline for an indictment to May 11, 2020 (ECF No. 10). Mr. Briggs then sought reconsideration of his

pretrial detention, given that he was not going to be indicted in short order. Magistrate Judge Lloret denied that Motion, and Mr. Briggs appealed to this Court.

The Bail Reform Act, 18 U.S.C. § 3142, governs Mr. Briggs' request for pretrial release. Under Section 3142, the Court must require Mr. Briggs' pretrial detention unless Mr. Briggs can demonstrate both that he does not pose a threat to the community and that he is not a flight risk. *See* 18 U.S.C. § 3142(3). In considering whether to order pretrial detention, the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against Mr. Briggs, Mr. Briggs history and characteristics, including whether at the time of the current offense Mr. Briggs was on supervised release, and the nature and seriousness of the danger to any person or the community that Mr. Briggs' release would pose. *See* 18 U.S.C. § 3142(g).

Mr. Briggs does not argue that any of these factors favors his release, nor could he. He is charged with being a felon in possession of a firearm, the Court held a probable cause hearing at which it concluded there is probable cause to believe that he committed the crime, he was on supervised release at the time of this offense and faced violation proceedings, and he had a gun and a substantial quantity of marijuana at the time of his arrest, which suggests he poses a threat to the community. In addition, Mr. Briggs was arrested with some type of fake identification. He argued to the Court that he had that identification because he needed to use a fake identity to lease an apartment because under his own identity, he cannot pass a credit check. But regardless of the reason, the fact that Mr. Briggs has shown a willingness to fake his identity heightens the Court's concern that he might conceal his identity and flee if he were released.

Instead of focusing on the factors in Section 3142(g), Mr. Briggs argues that the delay in indicting him, which will likely extend past the current deadline of May 11, justifies his release. The Court disagrees. As a threshold matter, although Mr. Briggs suggests that the delay in indicting him is indefinite, it is not. At present, the Government has obtained a single, 30-day extension of that deadline. The Government will certainly need a second

extension, given the current status of grand jury proceedings in this Court. But there is no reason to think that the Government will seek, let alone obtain, an indefinite suspension of the deadline for Mr. Briggs' indictment.

The Speedy Trial Act also does not provide a basis for Mr. Briggs' release. Ordinarily, that statute requires indictments to occur quickly. But the statute allows for judicial orders finding that the interests of justice permit a longer amount of time. Here, Chief Judge Sanchez has made that finding in light of the ongoing pandemic, both in a standing order and again in response to Mr. Briggs' Motion. Having followed the procedure that the Speedy Trial Act requires, the statute does not provide Mr. Briggs any basis for relief.

Finally, Mr. Briggs suggests that the Constitution requires his release because the pandemic is interfering with is his Sixth Amendment right to a speedy trial. Mr. Briggs is surely correct that the pandemic does not eliminate his constitutional rights. Indeed, as the Supreme Court has said, provisions of the Constitution cannot "be suspended during any of the great exigencies of government." *Ex Parte Milligan*, 71 U.S. (4 Wall.) 2 (1866). However, Mr. Briggs' pretrial detention does not, at this juncture, rise to the level of a constitutional violation.

The Supreme Court has instructed courts to use a balancing test to determine when pretrial detention treads on rights under the Sixth Amendment, considering the length of delay, the reason for delay, the defendant's assertion of his right, and the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). The "length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* Here, Mr. Briggs has been detained for slightly more than a month, and it is almost certain that his detention will last into June, for a minimum total of three months. Mr. Briggs complains that the delay could stretch much longer. There is, to be sure, a situation in which the Government's delay in indicting Mr. Briggs could rise to the

3

level of a prejudicial delay. But that issue is not currently before the Court, and the Court will not consider release based on the possibility of a delay that might come to pass and might pose a constitutional concern. The current delay in indicting Mr. Briggs does not rise to the level of the presumptively prejudicial, and the Court need not inquire into the other factors.

It is worth noting, however, that the other *Barker* factors also work against Mr. Briggs here. The reason for the Government's delay is a valid, neutral reason: a global pandemic. The Government has not done anything wrong, and the circumstances preventing an indictment are beyond its control. In addition, there is no prejudice to Mr. Briggs here because he also faces proceedings for violating supervised release. In a footnote in the motion leading to this appeal, Mr. Briggs suggested that he was seeking release in connection with the violations of supervised release as well. (ECF No. 11 at 3 n.3.) Those proceedings are not on hold. The Court can conduct them even in the face of the ongoing pandemic because it does not need a grand jury or a petit jury. And, the Court concludes that it is appropriate to detain Mr. Briggs pending a hearing on those claimed violations.

The Court recognizes that the pandemic has impacted Mr. Briggs' rights. But the impact has not risen to a Constitutional violation, nor does it otherwise require his release. The Court will therefore deny his Motion. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
Honorable Joshua D. Wolson
United States District Judge

April 22, 2020