IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | MAGISTRATE NO. 20-410 |
| | : | |
| DAWAYNE BRIGGS | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                     **June 10, 2020**

On March 12, 2020, Defendant Dawayne Briggs was arrested and charged with one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Although Briggs promptly appeared before a magistrate judge for a probable cause and detention hearing, he has not yet been indicted in this case. The Government has been unable to present the case to a grand jury because grand juries have been unavailable in this district since mid-March due to the exigent circumstances created by the coronavirus disease 2019 (COVID-19) pandemic and measures implemented by the Court to protect public health and safety. Since Briggs's arrest, the Government has sought and been granted two thirty-day continuances of the time to file an indictment pursuant to 18 U.S.C. § 3161(h)(7)(A). The Government now moves for a third thirty-day continuance of the time to indict. Briggs opposes the Government's motion and argues the present delay in his indictment violates his Sixth Amendment right to a speedy trial.

The Court will grant the Government's continuance motion. The Court finds the ends of justice served by granting a continuance in this case outweigh the best interest of the public and Briggs in a speedy trial because of the continued impact of the COVID-19 pandemic on Court operations and the Government's ability to present evidence to a grand jury. Therefore, the period of delay resulting from this continuance shall be excluded under the § 3161(h)(7)(A). The Court

further finds the current delay in Briggs's indictment does not violate his Sixth Amendment right to a speedy trial.

**BACKGROUND**

On March 12, 2020, the Government filed a complaint charging Briggs with one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The complaint was accompanied by a sworn affidavit setting forth the factual basis for the Government's assertion that there was probable cause to believe Briggs had violated 18 U.S.C. § 922(g)(1). Based on the showing of probable cause in the complaint and affidavit, a magistrate judge issued an arrest warrant. Briggs was arrested the same day and temporarily detained. The following day, on March 13, 2020, Briggs appeared with counsel before a magistrate judge for a probable cause and pretrial detention hearing. At the hearing, the magistrate judge found there was probable cause to believe Briggs committed the offense charged in the complaint. Briggs stipulated to pretrial detention and has since been held at the Federal Detention Center in Philadelphia (the FDC).

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). In computing the time within which an information or indictment must be filed, however, certain periods of delay are excludable. *See id.* § 3161(h). These excludable delays include "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Because Briggs was arrested on March 12, 2020, the deadline for filing an information or indictment in this case would ordinarily have been April 11, 2020. However, the

Government has twice moved for a thirty-day continuance of this deadline, and the Court granted both motions—extending the deadline for filing an information or indictment in this case until June 10, 2020.[1]

In its Orders granting the Government's continuance motions, the Court found the ends of justice served by granting a continuance outweighed the best interest of the public and Briggs in a speedy trial due to the impact of the ongoing COVID-19 pandemic on Court operations, including the Court's ability to maintain the continued operation of grand juries. In making this finding in the first of these Orders, issued on April 3, 2020, the Court cited Standing Orders issued by the undersigned as chief judge on March 13 and 18, 2020. The March 18 Standing Order temporarily continued the deadline for filing an indictment or information under 18 U.S.C. § 3161(b) for all matters in this district due to the exigent circumstances created by the COVID-19 outbreak. The March 18 Standing Order was issued to supplement the March 13 Standing Order, which temporarily continued all civil and criminal jury trials and grand jury selections scheduled to begin on or before April 13, 2020, because of the COVID-19 public health emergency.

In the March 13 and March 18 Standing Orders, the Court specifically found that the ends of justice served by granting a continuance of Speedy Trial Act deadlines outweighed the best interest of the public and each affected defendant in a speedy trial and that any continuance entered as a result of the Standing Orders would be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). In support of these findings, the Court cited the increase in the number of confirmed COVID-19 cases in this district and the available public health guidance at the Federal, State, and

---

[1] The Court granted the Government's continuance motions in Orders issued on April 3, 2020, and May 8, 2020. The April 3 Order continued the deadline for filing an indictment or information until May 11, 2020. The May 8 Order continued the deadline for an additional 30 days. Although the Order stated the deadline was continued until June 11, 2020, thirty days from May 11 is June 10.

local levels regarding precautions that should be taken to avoid exposure to COVID-19 and prevent the spread of the disease. The Court cited, inter alia, guidance from the Centers for Disease Control and Prevention (CDC) and the President of the United States advising all individuals to practice social distancing, refrain from all gatherings of more than 10 people, particularly for those in higher-risk categories, and refrain from all non-essential travel.

In its Order granting the Government's second continuance motion, issued on May 8, 2020, the Court cited an April 10, 2020, Standing Order that extended the measures implemented through the March 13 and March 18 Standing Orders—including the continuance of the deadline for filing an information or indictment under 18 U.S.C. § 3161(b)—due to the ongoing exigent circumstances created by the COVID-19 pandemic. In the April 10 Standing Order, the Court again found that the ends of justice served by granting a continuance of Speedy Trial Act deadlines outweighed the best interest of the public and each affected defendant in a speedy trial and that any continuance entered as a result of the Standing Orders would be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). In doing so, the Court cited a number of developments regarding the COVID-19 outbreak in this district since the March 13 Standing Order was issued, including the substantial increase in the number of confirmed cases of COVID-19 in this district, the President's declaration the COVID-19 outbreak constitutes a national emergency under the National Emergencies Act, 50 U.S.C. § 1601 et seq., the issuance of stay-at-home orders by the Governor of Pennsylvania and the Secretary of the Department of Health for all individuals residing in the Commonwealth, and continuing guidance from the CDC and State and local public health authorities for people to "stay at home as much as possible, refrain from gathering in groups, limit close contact with individuals outside their households, avoid using any kind of public transportation, ridesharing, or taxis, and refrain from non-essential travel." Standing Order 2, Apr.

4

10, 2020. The Court further noted that, in light of these circumstances, grand juries in this district had not met since March 17, 2020, and would not meet through at least May 31, 2020.

On May 29, 2020, the undersigned, as chief judge, issued another Standing Order further extending the measures implemented by its prior Standing Orders, including the continuance of the deadline for filing an information or indictment under 18 U.S.C. § 3161(b), due to the continuing exigent circumstances created by COVID-19. The Court again discussed the severity of the COVID-19 pandemic in this district, noting the substantial increase in the number of confirmed cases, the extension of the Governor and the Secretary of Health's stay-at-home orders for all counties in this district through at least June 4, 2020, and the continuing recommendation of Federal, State, and local public health authorities that individuals stay at home, refrain from gathering in groups, avoid using public transportation, and maintain safe social distancing practices. The Court found the circumstances regarding the COVID-19 pandemic continue to significantly impact court operations in this district, including grand jury operations, and directed that impaneled grand juries would not meet through June 30, 2020, the Court having determined that it would "not be possible to obtain a quorum for any of the existing grand juries in this district in the month of June due to the current public health situation." Standing Order 4, May 29, 2020. *Id.* at 4. As a result, the Court continued the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1) until June 30, 2020. The Court again found the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The Court ordered that any motion by a criminal defendant seeking an exception to the May 29 Standing Order for the purpose of exercising the defendant's speedy trial rights would be referred to the undersigned.

On June 2, 2020, the Government moved for a third thirty-day continuance of the time to file an indictment or information in this case pursuant to 18 U.S.C. § 3161(h)(7)(A), citing the findings in the Court's May 29 Standing Order. The Government argues a continuance is necessary to enable it to complete its investigation and present evidence to a grand jury. Briggs opposes the requested third continuance, raising concerns about how the COVID-19 outbreak affects him as a pretrial detainee. Briggs further argues the Government's delay in filing an indictment or information violates his Sixth Amendment right to a speedy trial. Because Briggs objects to the Government's continuance motion, the motion was referred to the undersigned pursuant to the May 29 Standing Order.

**DISCUSSION**

The Court will grant the Government's continuance motion. The Court finds the ends of justice served by granting a continuance in this case outweigh the best interest of the public and Briggs in a speedy trial because of the continued impact of COVID-19 on Court operations and the Government's ability to present evidence to a grand jury. Therefore, the period of delay resulting from this continuance shall be excluded under 18 U.S.C. § 3161(h)(7)(A).

As noted in the May 29 Standing Order, the circumstances regarding the COVID-19 outbreak in this district, including the available guidance from government officials and public health authorities, prevent the continued operations of grand juries at this time. Specifically, the Court has determined that, due to the current public health situation with respect to COVID-19, it will not be possible to obtain a quorum for any of the existing grand juries during the month of June. *See* Standing Order 5, May 29, 2020. Grand juries in this district have not met since March 17, 2020 (five days after Briggs's arrest) and will not meet again until after June 30, 2020. In light of these developments, the Court finds Briggs's arrest occurred at a time such that it is

unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

In opposing the Government's continuance motion, Briggs relies in part on the impact of the COVID-19 public health emergency on him as a pretrial detainee. *See* Resp. ¶¶ 32-34, June 2, 2020, ECF No. 33. Briggs asserts he has been subject to increasingly restrictive conditions of confinement due to COVID-19 prevention protocols at the FDC. Under these protocols, Briggs is restricted to his cell for 23 hours each day, with limited ability to contact his family and counsel and no access to the law library. Resp. Ex. 8, at 9-14. The Court recognizes that Briggs's pretrial incarceration heightens his interest in having this matter proceed expeditiously, especially in light of the COVID-19 prevention protocols instituted at the FDC. However, the Court finds the ends of justice served by granting the requested thirty-day continuance of the time to file an indictment or information in this case—in which a magistrate judge has determined there is probable cause to believe that, after serving a ten-year sentence for narcotics trafficking, Briggs possessed a firearm in violation of 18 U.S.C. § 922(g)(1)—outweigh the best interest of the public and Briggs in a speedy trial. Therefore, the period of delay resulting from this continuance shall be excluded under 18 U.S.C. § 3161(h)(7)(A).

Briggs also argues his continued detention without indictment amounts to a violation of his Sixth Amendment right to a speedy trial. The Court disagrees. In evaluating whether a defendant's Sixth Amendment speedy trial right has been violated, the Court must consider four factors—(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). The "length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the

balance." *Id.* In this case, Briggs has been detained without indictment for three months and, pursuant to this continuance, may be detained without indictment for an additional month. A four-month delay, however, is not presumptively prejudicial. *See, e.g.*, *United States v. Smith*, No. 04-472, 2004 WL 2612393, at *3 (E.D. Pa. Nov. 16, 2004) (finding a delay of four months insufficient to qualify as presumptively prejudicial); *see also Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (stating a 14-month delay is sufficient to trigger presumptive prejudice). Consequently, Briggs has not suffered a presumptively prejudicial delay and his claim fails for this reason alone.

Briggs argues in his response that this delay is nevertheless "per se presumptively prejudicial" because of the increasingly restrictive conditions of confinement to which he has been subject at the FDC. Resp. ¶ 41. While the Court disagrees that the instant four-month delay is presumptively prejudicial, even assuming this factor is satisfied, other *Barker* factors counsel against a finding of a constitutional violation.

As to the reason for the delay, there is a substantial and compelling reason—the public health crisis caused by the COVID-19 pandemic and the significant impact it has had on the Court's ability to maintain the continued operation of grand juries. Briggs argues the reason for the delay is the Government's failure to adequately handle the COVID-19 pandemic. The Court does not find this argument compelling. Moreover, this argument has previously been found meritless. *See* Order, May 20, 2020, ECF No. 31 (Wolson, J.) (noting Briggs's argument "attempting to describe the Government as responsible for the COVID-19 pandemic" fails because, inter alia, "it makes no showing . . . that anything that the Government supposedly did or failed to do caused the suspension of grand jury proceedings").

With regard to the prejudice factor, although Briggs claims otherwise, he has not shown he is prejudiced by the delay. Prejudice from pretrial delay falls into two categories: personal

prejudice and prejudice to the defense. Personal prejudice includes "oppressive pretrial incarceration, [as well as] the accused's anxiety and concern over the outcome of the litigation or impairment of the defense, including general concern over the delay's effect on the reliability of the truth finding process." *See Hakeem*, 990 F.2d at 760-61. Prejudice to the defense, which is the most serious form of prejudice, includes the loss of favorable witnesses and evidence. *Doggett v. United States*, 505 U.S. 647, 654 (1992).

Initially, there is little, if any, personal prejudice to Briggs despite his current detention. Even if the Government's motion were denied, Briggs would not be released from custody—and would be subject to the same conditions of confinement—because he has also been detained pending the adjudication of separate violations of supervised release. *See* Mem. 4, Apr. 22, 2020, ECF No. 21 ("[T]he Court concludes that it is appropriate to detain Mr. Briggs pending a hearing on those claimed [supervised release] violations."). Moreover, Briggs has not argued he has suffered any other form of personal prejudice from the delay. *See* Resp. ¶¶ 40-47. As to prejudice to the defense, there is no evidence suggesting the current delay has resulted in a loss of favorable witnesses or evidence that has prejudiced Briggs's ability to prepare a defense. *See Battis*, 474 F. Supp 2d at 733 (stating prejudice to the defense may occur where there is a "loss of favorable witnesses and evidence"). Thus, Briggs has not shown he is prejudiced by the delay. While Briggs has asserted his speedy trial right, the remaining *Barker* factors weigh in favor of finding that Briggs's speedy trial right has not been violated. Briggs's Sixth Amendment claim therefore fails.

**CONCLUSION**

In sum, the Court will grant the Government's continuance motion. The Court finds the ends of justice served by granting a continuance in this case outweigh the best interest of the public and Briggs in a speedy trial because of the continued impact of COVID-19 on Court operations

and the Government's ability to present evidence to a grand jury. Therefore, the period of delay resulting from this continuance shall be excluded under the § 3161(h)(7)(A). The Court further finds the current delay in Briggs's indictment does not violate his Sixth Amendment right to a speedy trial.

    An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.