IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | MAGISTRATE NO. 20-410 |
| | : | |
| DAWAYNE BRIGGS | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                            **July 9, 2020**

On March 12, 2020, Defendant Dawayne Briggs was arrested and charged with one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Although Briggs promptly appeared before a magistrate judge for a probable cause and detention hearing, he has not yet been indicted in this case. The Government has been unable to present the case to a grand jury because grand juries have been unavailable in this district since mid-March due to the exigent circumstances created by the coronavirus disease 2019 (COVID-19) pandemic and measures implemented by the Court to protect public health and safety. Since Briggs's arrest, the Government has sought and been granted three thirty-day continuances of the time to file an indictment pursuant to 18 U.S.C. § 3161(h)(7)(A). The Government now moves for a fourth thirty-day continuance of the time to indict. Briggs opposes the Government's motion and argues the delay in indicting him violates his Sixth Amendment right to a speedy trial.

The Court will grant the motion insofar as the Government shall have until July 31, 2020, to file an indictment in this case. The Court finds the ends of justice served by granting a continuance in this case outweigh the best interest of the public and Briggs in a speedy trial because of the continued impact of the COVID-19 pandemic on Court operations and the Government's ability to present evidence to a grand jury. Therefore, the period of delay resulting from this continuance shall be excluded under the § 3161(h)(7)(A). The Court further finds the current delay

in filing an indictment in this case does not violate Briggs's Sixth Amendment right to a speedy trial.

**BACKGROUND**

On March 12, 2020, the Government filed a complaint charging Briggs with one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The complaint was accompanied by a sworn affidavit setting forth the factual basis for the Government's assertion that there was probable cause to believe Briggs had violated 18 U.S.C. § 922(g)(1). Based on the showing of probable cause in the complaint and affidavit, a magistrate judge issued an arrest warrant. Briggs was arrested the same day and temporarily detained. The following day, on March 13, 2020, Briggs appeared with counsel before a magistrate judge for a probable cause and pretrial detention hearing. At the hearing, the magistrate judge found there was probable cause to believe Briggs committed the offense charged in the complaint. Briggs stipulated to pretrial detention and has since been held at the Federal Detention Center in Philadelphia (the FDC).

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). In computing the time within which an information or indictment must be filed, however, certain periods of delay are excludable. *See id.* § 3161(h). These excludable delays include "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Because Briggs was arrested on March 12, 2020, the deadline for filing an information or indictment in this case would ordinarily have been April 11, 2020. However, the

Government has moved for three thirty-day continuances of this deadline, and the Court granted each motion—extending the deadline for filing an information or indictment in this case until July 10, 2020. On July 2, 2020, the Government moved for a fourth thirty-day continuance of the time to file an indictment in this case pursuant to 18 U.S.C. § 3161(h)(7)(A), citing the findings in a June 30, 2020, Standing Order issued by the undersigned as chief judge. The June 30 Standing Order was issued in furtherance of prior Standing Orders issued on March 13, 2020, March 18, 2020, April 10, 2020, and May 29, 2020. These prior Standing Orders implemented and extended certain adjustments to Court operations due to the exigent circumstances created by the ongoing COVID-19 pandemic and in the interest of public health and safety. In relevant part, the prior Standing Orders temporarily continued the deadline for filing an indictment under 18 U.S.C. § 3161(b) from March 18, 2020, through June 30, 2020, for all matters in this district due to the exigent circumstances created by the COVID-19 outbreak, which have prevented impaneled grand juries from meeting in this district since March 17, 2020. The June 30 Standing Order further continues the deadline for filing an indictment through July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter, whichever is earlier.

      In each of these Standing Orders, the Court found that the ends of justice served by granting a continuance of the deadline to file an indictment outweighed the best interest of the public and each affected defendant in a speedy trial and directed that the period covered by any continuance entered as a result of the Standing Orders would be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). In support of these findings, the Court cited the continually increasing number of confirmed COVID-19 cases in this district and the available guidance from government officials and public health authorities at the Federal, State, and local levels regarding precautions that should be taken to avoid exposure to COVID-19 and prevent the spread of the disease, which have

prevented the continued operation of grand juries in this district. The Court also noted in the May 29 Standing Order that health and safety concerns made it impossible to obtain a quorum for any existing grand juries during the month of June. While the June 30 Standing Order recognized the possibility of resuming meetings of impaneled grand juries in July 2020, with special precautions and accommodations to protect the health and safety of all participants, in addition to the measures already in place to protect public health and safety in Court facilities during the COVID-19 pandemic, the Court found an ends-of-justice continuance was warranted while grand juries remain unavailable in this district. The Court further ordered that any motion by a criminal defendant seeking an exception to the June 30 Standing Order for the purpose of exercising the defendant's speedy trial rights would be referred to the undersigned.

On July 3, 2020, Briggs, who has opposed each of the Government's prior continuance requests, filed an opposition to the Government's motion for a fourth continuance. Briggs again raises concerns about how the COVID-19 outbreak affects him as a pretrial detainee and further argues the Government's delay in filing an indictment violates his Sixth Amendment right to a speedy trial. The motion was referred to the undersigned pursuant to the June 30 Standing Order.

**DISCUSSION**

The Court will grant the Government's continuance motion insofar as the Government shall have until July 31, 2020, to file an indictment in this case. The Court finds the ends of justice served by granting a continuance in this case outweigh the best interest of the public and Briggs in a speedy trial because of the continued impact of COVID-19 on Court operations and the Government's ability to present evidence to a grand jury. Therefore, the period of delay resulting from this continuance shall be excluded under 18 U.S.C. § 3161(h)(7)(A).

As noted in the June 30 Standing Order, the circumstances regarding the COVID-19 outbreak in this district, including the available guidance from government officials and public health authorities, prevent the continued operations of grand juries at this time. While the Court anticipates that meetings of impaneled grand juries may be able to resume later this month, grand juries in this district have not met since March 17, 2020—five days after Briggs's arrest—and remain unavailable at this time. In light of these developments, the Court finds Briggs's arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

In opposing the Government's continuance motion, Briggs relies in part on the impact of the COVID-19 public health emergency on him as a pretrial detainee. *See* Resp. ¶¶ 37-41, July 3, 2020, ECF No. 38. Briggs asserts he has been subject to increasingly restrictive conditions of confinement due to COVID-19 prevention protocols at the FDC. Under these protocols, Briggs is restricted to his cell for 23 hours each day, with limited ability to contact his family and counsel and no access to the law library. Resp. Ex. 8, at 9-14. The Court recognizes that Briggs's pretrial incarceration heightens his interest in having this matter proceed expeditiously, especially in light of the COVID-19 prevention protocols instituted at the FDC. However, the Court finds the ends of justice served by granting a continuance of the time to file an indictment in this case—in which a magistrate judge has determined there is probable cause to believe that, after serving a ten-year sentence for narcotics trafficking, Briggs possessed a firearm in violation of 18 U.S.C. § 922(g)(1)—outweigh the best interest of the public and Briggs in a speedy trial.

Although the Court will grant a continuance of the deadline to file an indictment in this case, a thirty-day continuance is not warranted at this time. During a May 6, 2020, teleconference with counsel, the Government represented that this case is ready to be indicted and will be

presented to a grand jury as soon as grand juries resume meeting. Given that impaneled grand juries may resume meeting this month, the Court will only grant the Government until July 31, 2020, to file an indictment in this case at this time.

Briggs also argues his continued detention without indictment amounts to a violation of his Sixth Amendment right to a speedy trial. The Court disagrees. In evaluating whether a defendant's Sixth Amendment speedy trial right has been violated, the Court must consider four factors—(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). The "length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* In this case, Briggs has been detained without indictment for four months and, pursuant to this continuance, may be detained without indictment for an additional twenty-one days—a total of approximately five months. A five-month delay, however, is not presumptively prejudicial. *Cf. Wells v. Petsock*, 941 F.2d 253, 258 (3d Cir. 1991) (stating a seven-month pretrial incarceration triggers inquiry into remaining *Barker* factors); *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (stating a 14-month delay is sufficient to trigger presumptive prejudice). Consequently, Briggs's claim fails for this reason alone.

Briggs argues in his response that this delay is nevertheless "per se prejudicial" because of the increasingly restrictive conditions of confinement to which he has been subject at the FDC. Resp. ¶ 47. While the Court disagrees that the instant five-month delay is presumptively prejudicial, even assuming this factor is satisfied, other *Barker* factors counsel against a finding of a constitutional violation.

As to the reason for the delay, there is a substantial and compelling reason—the public health crisis caused by the COVID-19 pandemic and the significant impact it has had on the Court's ability to maintain the continued operation of grand juries. Briggs argues the reason for the delay is the Government's failure to adequately handle the COVID-19 pandemic. The Court does not find this argument compelling. Moreover, this argument previously has been found meritless. *See* Order, May 20, 2020, ECF No. 31 (Wolson, J.) (noting Briggs's argument "attempting to describe the Government as responsible for the COVID-19 pandemic" fails because, inter alia, "it makes no showing . . . that anything that the Government supposedly did or failed to do caused the suspension of grand jury proceedings").

With regard to the prejudice factor, although Briggs claims otherwise, he has not shown he is prejudiced by the delay. Prejudice from pretrial delay falls into two categories: personal prejudice and prejudice to the defense. Personal prejudice includes "oppressive pretrial incarceration, [as well as] the accused's anxiety and concern over the outcome of the litigation or impairment of the defense, including general concern over the delay's effect on the reliability of the truth finding process." *See Hakeem*, 990 F.2d at 760-61. Prejudice to the defense, which is the most serious form of prejudice, includes the loss of favorable witnesses and evidence. *Doggett v. United States*, 505 U.S. 647, 654 (1992).

Initially, there is little, if any, personal prejudice to Briggs despite his current detention. Even if the Government's motion were denied, Briggs would not be released from custody—and would be subject to the same conditions of confinement—because he has also been detained pending the adjudication of separate violations of supervised release. *See* Mem. 4, Apr. 22, 2020, ECF No. 21 ("[T]he Court concludes that it is appropriate to detain Mr. Briggs pending a hearing on those claimed [supervised release] violations."). Moreover, Briggs has not argued he has

suffered any other form of personal prejudice from the delay. *See* Resp. ¶¶ 40-47. As to prejudice to the defense, there is no evidence suggesting the current delay has resulted in a loss of favorable witnesses or evidence that has prejudiced Briggs's ability to prepare a defense. *See Battis*, 474 F. Supp. 2d at 733 (stating prejudice to the defense may occur where there is a "loss of favorable witnesses and evidence"). Thus, Briggs has not shown he is prejudiced by the delay. While Briggs has asserted his speedy trial right, the remaining *Barker* factors weigh in favor of finding that Briggs's speedy trial right has not been violated. Briggs's Sixth Amendment claim therefore fails.

**CONCLUSION**

For the reasons set forth above, the Court will grant the Government's continuance motion insofar as the Government shall have until July 31, 2020, to file an indictment in this case.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.